IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANNELL L. SAMPSON,

                Petitioner,                      OPINION & ORDER

v.

                                                17-cv-887-jdp

UNITED STATES OF AMERICA,                 16-cr-93-jdp

                Respondent.

---

Pro se petitioner Dannell L. Sampson, a federal prisoner incarcerated at the United States Penitentiary McCreary in Kentucky, seeks relief from his sentence under 28 U.S.C. § 2255. He contends that he should not have been convicted of robbery under the Hobbs Act or using a firearm in furtherance of a crime of violence. He argues that he did not commit Hobbs Act robbery because he robbed a local store, so his robbery did not affect interstate commerce in light of *United States v. Lopez*, 514 U.S. 549 (1995), and *United States v. Morrison*, 529 U.S. 598 (2000). As for his conviction for using firearm in furtherance of a crime of violence, Sampson argues that his Hobbs Act robbery should no longer count as a crime of violence in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016) and *Samuel Johnson v. United States,* 135 S. Ct. 2551 (2015).

The matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Under Rule 4, Sampson's Section 2255 motion is addressed to me as the judge who sentenced him, and I must dismiss his motion if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that [Sampson] is not entitled to relief." Sampson's motion and

the record from his criminal proceeding plainly show that Sampson is not entitled to relief, so I will deny his motion and close the case.

BACKGROUND

I draw the following facts from Sampson's motion, Dkt. 1, and the docket of his criminal proceeding, *United States v. Sampson*, No. 16-cr-93 (W.D. Wis. filed Nov. 16, 2017).

In 2016, Sampson and his co-defendants robbed an AT&T retail store in Beloit, Wisconsin. One of the co-defendants brandished a semiautomatic handgun. Sampson's co-defendant threatened to kill the store employees, and Sampson restrained them with zip ties. The loss suffered by the victim store was $36,137, including 71 cellular phones and other electronic devices. The robbery also involved threats of violence and the restraint of victims.

In 2017, he pleaded guilty to one count of interference with commerce by threats or violence, 18 U.S.C. § 1951 (Hobbs Act robbery) and to one count of using a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c). I sentenced him to 51 months for the first count and 60 months for the second, to be served consecutively.

ANALYSIS

A. Hobbs Act robbery

Sampson contends that because he robbed a local retail store, his robbery had an insufficient effect on interstate commerce. Hobbs Act robbery has two elements: "a robbery and an effect on interstate commerce." *United States v. Carr*, 652 F.3d 811, 812 (7th Cir. 2011). Sampson does not deny that he robbed the AT&T store, so the only question is whether the robbery affected interstate commerce.

The Hobbs Act defines the term "commerce" this way:

> The term "commerce" means commerce within the District of Columbia, or any Territory or Possession of the United States; all commerce between any point in a State, Territory, Possession, or the District of Columbia and any point outside thereof; all commerce between points within the same State through any place outside such State; and all other commerce over which the United States has jurisdiction."

28 U.S.C. § 1951(b)(3). This language is "unmistakably broad. It reaches any obstruction, delay, or other effect on commerce, even if small." *Taylor v. United States*, 136 S. Ct. 2074, 2079 (2016). "[T]he law of this circuit requires the government to show only that the charged crime had a '*de minimis*' or slight effect on interstate commerce," and robbing a local retail store has been recognized as a sufficient effect on interstate commerce. *United States v. Carr*, 652 F.3d 811, 813–14 (7th Cir. 2011). As the Seventh Circuit has explained,

> An act of violence against even one business, like the convenience store in this case, could conceivably deter economic activity and thus harm national commerce. The economic harm would not necessarily depend upon the amount of money with which any particular defendant absconds. If retail stores, in the aggregate, have a substantial effect on commerce (which they undoubtedly do), then the federal government has a legitimate interest in preventing any crime like the one in this case.

*Id*. at 814 (citation omitted).

Sampson contends that "*de minimis*" effect on interstate commerce cannot be the right standard in light of *United States v. Lopez*, 514 U.S. 549 (1995) (invalidating the Gun-Free School Zones Act), and *States v. Morrison*, 529 U.S. 598 (2000) (invalidating part of the Violence Against Women Act). The correct standard, Sampson says, is "substantial effect" on interstate commerce because otherwise the Hobbs Act undermines the division of power between state and federal governments. Dkt. 2, at 6. It is true that to assess the meaning of "commerce" under the Hobbs Act, courts look to the Supreme Court's Commerce Clause

cases such as *Lopez* and *Morrison*. *Taylor*, 136 S. Ct. at 2079. The Supreme Court in *Lopez* and *Morrison* explained that "[w]here economic activity *substantially* affects interstate commerce, legislation regulating that activity will be sustained." *Lopez*, 514 U.S. at 560 (emphasis added); *Morrison*, 529 U.S. at 610 (quoting the same statement from *Lopez*). But the Seventh Circuit "has expressly rejected . . . on numerous occasions" the argument that it should reconsider the *de minimis* standard in light of *Lopez* and *Morrison*. *Carr*, 652 F.3d at 813 (collecting cases). As the court of appeals explained, the Hobbs Act does not pose the same risk to federalism as the laws invalidated in *Lopez* and *Morrison* did:

> [Unlike the legislations in *Lopez* and *Morrison*,] there is no similar risk that the Hobbs Act will obliterate all limits on federal power. Although robbery itself is not necessarily economic activity, Carr's crime targeted a business engaged in interstate commerce. And unlike the statutes at issue in *Lopez* and *Morrison*, the Hobbs Act contains a jurisdictional element which requires the government to prove the interstate nexus.

*Id*.

The law of this circuit requires me to apply the *de minimis* standard, and the standard is plainly satisfied here: Sampson robbed a retail store of AT&T, a global business that unquestionably engages in interstate commerce. Moreover, at the time of the robbery, Sampson lived in Rockford, Illinois, and he crossed the state line to rob a store in Beloit, Wisconsin. Sampson's motion depends on "[t]he meaning of the Hobbs Act's commerce element," which is "a question of law," *Taylor*, 136 S. Ct. at 2077, and the commerce element is clearly satisfied, so I need not require submissions from the parties to decide whether the effect on interstate commerce was substantial. Sampson is not entitled to relief based on his claim that his robbery did not affect interstate commerce.

4

## B. Using a firearm in furtherance of a crime of violence

Sampson contends that he should not have been convicted of using a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c) because Hobbs Act robbery is no longer a crime of violence after *Mathis v. United States*, 136 S. Ct. 2243 (2016) and *Samuel Johnson v. United States,* 135 S. Ct. 2551 (2015). Those cases involved the Armed Career Criminal Act, which imposes a mandatory minimum sentence of 15 years when a criminal defendant has three prior convictions of "violent felony" or "serious drug offense." 18 U.S.C. § 924(e)(1). I did not enhance Sampson's sentence under the ACCA. Nor was Sampson sentenced under pre-*Booker* era guidelines.[1] So *Mathis* and *Samuel Johnson* do not directly apply here.

In any case, even after *Mathis* and *Samuel Johnson*, the Seventh Circuit has held that Hobbs Act robbery is a "crime of violence," under 18 U.S.C. § 924(c)(3)(A). *United States v. Fox*, 878 F.3d 574, 579 (7th Cir. 2017). Hobbs Act robbery involves, at a minimum, the threatened use of force, and thus it does not implicate the unconstitutional residual clause at issue in *Samuel Johnson*. *United States v. Anglin*, 846 F.3d 954, 965 (7th Cir.), *vacated on other grounds*, 138 S. Ct. 126 (2017).

## C. Certificate of appealability

Under Rule 11 of the Rules Governing Section 2255 Cases, I must issue or deny a certificate of appealability when entering a final order adverse to Sampson. I will not issue a certificate of appealability unless Sampson makes "a substantial showing of the denial of a

---

[1] A *Samuel Johnson* challenge against a sentence imposed after *United States v. Booker*, 543 U.S. 220 (2005), is not a cognizable in a habeas proceeding. *Perry v. United States,* 877 F.3d 751, 755 (7th Cir. 2017); *see also Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013); *United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014).

constitutional right," 28 U.S.C. § 2253(c)(2), which requires him to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Although the rule allows me to ask the parties to submit a brief on appealability, it is not necessary to do so in this case. No reasonable jurist would debate this decision, so I will not issue Sampson a certificate of appealability.

ORDER

IT IS ORDERED that:

1. Petitioner Dannell L. Sampson's motion under 28 U.S.C. § 2255, Dkt. 1, is DENIED.

2. The clerk of court is directed to enter judgment in favor of respondent and close the case.

3. Petitioner is DENIED a certificate of appealability. If petitioner wishes, he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Entered February 20, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge